**In re William F. GINGERELLA, Debtor.**

**Bankruptcy No. 91–11413.**

United States Bankruptcy Court,
D. Rhode Island.

May 25, 1993.

See also 148 B.R. 157.

4

Richard C. Panciera, Westerly, RI and Geoffrey A. Regan, Kirshenbaum & Kirshenbaum, Cranston, RI, Sp. Counsel for debtor.

Michael P. Iannotti, Asst. U.S. Atty., Providence, RI, for Farmers Home Admin.

Theodore Orson, Brown, Rudnick, Freed & Gesmer, Providence, RI, for Washington Trust Co.

### ORDER DISAPPROVING DISCLOSURE STATEMENT AND DENYING RELIEF FROM STAY

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

■ Heard on May 5, 1993 on the Debtor's request for approval of his disclosure statement, and Washington Trust Company's Motion for Relief from the Automatic Stay. After hearing the testimony of Don Colbern of the Farmer's Home Administration (FmHA), and Michael Lenihan and Kenneth Hammond on behalf of the Debtor, we find, contrary to our earlier rulings and inclinations herein, that FmHA did not act arbitrarily and/or capriciously in:

1) denying Debtor's request for "prepayment" of his outstanding FmHA loan, through the *piecemeal sale* of 22 apartment rental units, or

2) denying Debtor's proposal under FmHA's Section 502 Demonstration Program to convert said rental units to condominiums. The plan proposed by the Debtor makes it easy for the court to conclude that FmHA did not abuse its discretion. It was hardly an offer that FmHA could or should not refuse. Accordingly, because the Debtor's plan is premised upon the conversion to condominiums of these units, something that we now know will not happen, the disclosure statement is fatally defective on its face, and is therefore not approved.

■ As for the Motion for Relief from Stay, the evidence does not establish that Washington Trust's position regarding its collateral has deteriorated significantly since the commencement of the case, and we find that the creditor is at present, adequately, though thinly, protected. Furthermore, since Washington Trust has a security interest in virtually all of the Debtor's assets,[1] and since the subject property is necessary for an effective reorganization, relief from stay is not appropriate *at this time*. Because the case has been pending for almost two years, however, with the Debtor's hopes pinned to expectations which are no longer feasible, or possible for that matter, it is necessary to impose stricter time requirements on this Debtor. Accordingly, the Debtor is ordered to file a *final*, amended disclosure statement and *confirmable* plan within 30 days,[2] and one which does *not* depend on condominium conversion or on apartment sales over time. A hearing on the disclosure statement is scheduled for July 1,

---

1. Washington Trust is secured by a first mortgage on High Street property, a first and second mortgage on Hiscox Road property, a second mortgage on the Roma Estate Duplexes, and an assignment of the Andrew Barber Note.

2. The Debtor is forewarned to put his best foot forward, *now*. Because of the age of this fragile Chapter 11 case, it will either come out of Chapter 11 very shortly, or will be dismissed or converted.

1993, at 2:00 p.m. Requests for continuance will be very hard to come by, barring extraordinary circumstances.

Enter Judgment consistent with this opinion.